UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THOMAS EDWARD ANDERS (5),<br><br>　　　　　Defendant. | Case No.:  94-cr-668- JAH-5<br><br>**ORDER:**<br>**1. GRANTING DEFENDANT'S MOTION TO RECONSIDER [DOC. NO. 315]; AND**<br><br>**2. REQUIRING THE UNITED STATES FILE A SUPPLEMENTAL RESPONSE** |

Defendant, Thomas Edward Anders ("Defendant"), filed a motion for a reduction of sentence pursuant to 18 U.S.C. section 3582 and a motion for appointment of counsel. Doc. Nos. 297, 303.  The United States filed a response in opposition.  Doc. No. 309.  On October 4, 2018, the Court issued an order denying both motions. Doc. No. 313.

On June 19, 2019, Defendant filed a motion to reconsider this Court's October 4, 2018, order ("Order") denying his motion for a reduction of sentence.  The government argued, and the Court ruled that Defendant was sentenced as a career offender,[1] pursuant

---

[1] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two

to United States Sentencing Commission Guidelines Manual §4B1.1, "and therefore, is not entitled to sentence reduction based upon the amendment of section 2D1.1." Doc. No. 297. Defendant challenges his classification as a career offender, along with the charges, trial and sentencing dates offered by the government in its response to Defendant's 3582 motion.

After a review of the record, including the Government's sentencing summary chart, the Court finds Defendant's contentions are sufficiently meritorious to require further consideration. Therefore, the Court GRANTS Defendant's motion to reconsider pursuant to Rules 57(b) and 60 of the Federal Rules of Criminal and Civil Procedure respectively[2] and finds it appropriate to require the United States to file a supplemental response.

The Order denying Defendant's 3582 motion for a reduction of sentence remains the order of this Court until such time as a full review of the archived record is complete and both parties have had the opportunity to be heard. At such time the Court will affirm, amend, or vacate the Order as deemed appropriate.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff, United States of America, shall file and serve a responsive pleading no later than September 27, 2019. The response shall include any and all documents relevant to the determination of the issues in the motion.

2. If Defendant wishes to reply to Plaintiff's supplemental response, he may file a reply or other appropriate pleading no later than October 25, 2019. Upon the filing of the foregoing, the parties shall await further orders from this Court.

---

prior felony convictions of either a crime of violence or a controlled substance offense. United States Sentencing Commission Guidelines Manual §4B1.1(a)

[2] Although the Federal Rules of Criminal Procedure ("*Fed. R. Crim. P*") do not expressly authorize the filing of motions for reconsideration, the Ninth Circuit has held that motions for reconsideration may be filed in criminal cases. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). Rule 57(b) states in relevant part, "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Defendant cites Rule 59(e) of the *Fed. R. Civ. P*., however the Court construes Defendant's motion for reconsideration under Rule 60.

3. The Clerk of Court shall serve a copy of this Order, along with the Notice of Document Discrepancy at Doc. No. 314, on all parties.

**IT IS SO ORDERED.**

DATED: September 5, 2019

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT COURT