UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>THOMAS EDWARD ANDERS ,<br><br>                              Defendant. | Case No.:  94cr668-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

### INTRODUCTION

Pending before the Court is Defendant Thomas Edward Anders' ("Defendant") motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2), on the basis of Amendment 782 to the Sentencing Guidelines. *See* Doc. No. 297. Plaintiff United States of America ("Government") filed a response and opposition to Defendant's motion. *See* Doc. No. 320. Defendant filed a reply to the Government's opposition. *See* Doc. No. 323. Having carefully considered the pleadings in this action and for the reasons set forth below, the Court hereby **DENIES** Defendant's motion.

### BACKGROUND

On May 18, 1994, a six-count Indictment was filed charging six defendants as follows: Count one charged all defendants with a violation of 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to distribute methamphetamine. Count two charged Allen Lee

Dotson with a violation of 21 U.S.C. § 841(a)(1), distribution of methamphetamine. Count three charged Allen Lee Dotson and Oscar David Mendiola with a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, aiding and abetting the distribution of methamphetamine. Counts four and five charged all defendants, with the exception of Oscar David Mendiola, with a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, aiding and abetting the distribution of methamphetamine. Count six charged Defendant with a violation of 18 U.S.C. § 924(c)(1), use and carrying of a firearm during the commission of a drug trafficking crime.

On June 14, 1995, Defendant was found guilty by jury verdict of conspiracy to distribute methamphetamine (Count 1), aiding and abetting possession of methamphetamine with intent to distribute (Count 4 and 5), and use and carry of a firearm during the commission of a drug trafficking crime (Count 6). The Court sentenced Defendant to a 360 month term of imprisonment on Count 1, 4, and 5 to run concurrent, and a 60 month term on Count 6 to run consecutive to all other counts. The total term of imprisonment to be 420 months. The Court calculated a base level offense of 38, based on the 8.5 kilograms of actual methamphetamine attributed to Defendant. The amount of actual methamphetamine, in conjunction with the defendant's criminal history category of VI resulted in a sentencing guideline range of 360 months to life.

On July 9, 2015, Defendant filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582, citing Amendment 782. *See* Doc. No. 297. Defendant filed a supplemental pleading. *See* Doc. No. 301.The Government filed an opposition to Defendant's motion. *See* Doc. No. 309. The Court denied Defendant's motion as being ineligible for a reduction after being sentenced as a career offender. *See* Doc. No. 313. Defendant filed a motion for reconsideration and the Court granted the motion. *See* Doc. Nos. 315, 316. The Government filed a revised response and opposition to Defendant's motion for a reduction of sentence. Doc. No. 320. Defendant filed a reply to the Government's response. *See* Doc. No. 323.

///

**DISCUSSION**

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Leniar,* 574 F.3d 668, 673 (9th Cir. 2009) (internal quotations omitted). Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which lowered the penalties for most drug offenses by reducing the offense level in USSG § 2D1.1 Drug Quantity Table by two levels. The Commission voted to make Amendment 782 retroactively applicable. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

The Supreme Court held in *Dillion v. United States,* 560 U.S. 817 (2010) that section 3582(c)(2) "establishes a two-step inquiry." *Id.* at 826. At step one, the court must determine whether a sentence reduction would be consistent with the Commission's guidelines in section 1B1.10. *Id.* However, pursuant to U.S.S.G. Section 1B1.10(a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). At step two, the court shall consider any applicable § 3553(a) factors and determine whether the reduction authorized by reference at step one is warranted in whole or in part under the circumstances of the case. *Dillion,* 560 U.S. at 827.

Here, Defendant seeks a sentence reduction under Amendment 782 of the Sentencing Guidelines. *See generally* Doc. No. 315. The final Presentence Report recommended a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1), as the amount of actual methamphetamine involved was 8.5 kilograms. The Amended Guidelines provide a base offense level of 38 for an offense involving 45 kilograms or more of

methamphetamine or 4.5 kilograms (actual). As such, Defendant's base offense level remains at 38. Defendant's criminal history score is 17, which establishes a criminal history category of VI. In accordance with the criminal history category of VI, Defendant's sentencing range is still 360 months to life in prison. The record established that the sentence imposed was based upon an amount of controlled substance that was not affected by Amendment 782. Because the pertinent amendment does not result in a different sentencing range, the defendant is not eligible for a sentencing reduction pursuant to Section 3582(c)(2). *Leniar,* 574 F.3d at 673-74.

## CONCLUSION

Accordingly, IT IS HERE BY ORDERED Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 27, 2020

_____
Hon. John A. Houston
United States District Judge